UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT L. WOODS,

    Petitioner,

v.                                         Case No. 2:17-CV-26

JEFFREY WOODS,                     HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

The matter before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy P. Greeley,[1] who issued a Report and Recommendation (R & R), recommending that the Court deny Petitioner's petition, deny a certificate of appealability, and deny Petitioner's motions to compel, for a stay, and to amend. (ECF No. 21.) Petitioner timely filed objections to the R & R. (ECF No. 25.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Petitioner's habeas petition should be denied. The Court will address each of Petitioner's objections in turn.

---

[1] Judge Greeley recently retired on March 14, 2019.

**Objections 1, 9, and 10**

Petitioner first objects to the magistrate judge's characterization and resolution of his Habeas Issue VI regarding alleged Confrontation Clause violations. Petitioner alleged three Confrontation Clause violations in Habeas Issue VI: (1) a crime scene specialist presented DNA evidence, instead of the analyst who examined the DNA; (2) a subpoena analyst with Sprint Nextel presented geographical cell site information, rather than the engineer who prepared the report; and (3) a detective testified about the Prey Smartphone application that was referenced in a recorded jail phone call between Petitioner and codefendant, Welch.

The Court agrees that the magistrate judge focused on only the first of the three alleged Confrontation Clause violations, but that focus does not provide any relief to Petitioner. The other two sub-parts of Habeas Issue VI are not cognizable on federal habeas review—those two issues were raised in the state courts as evidentiary issues rather than constitutional issues. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991).

Turning to the first sub-part of Habeas Issue VI, which was addressed in the R & R, the Court agrees with the magistrate judge that even if the crime scene specialist's report of the DNA test results was admitted in violation of the Confrontation Clause, the admission of the evidence was harmless error. The impact of the DNA evidence inside the white gloves was a minimal part of the prosecution's case compared with the other evidence linking Petitioner to the robbery. Furthermore, the DNA evidence was cumulative. There is no dispute that the white gloves were found in the car that Petitioner was driving when he was arrested, so there was already evidence that the gloves belonged to Petitioner. Thus, the admission of the DNA evidence did not have a "substantial and injurious effect or influence" on the jury's verdict, and Petitioner is not entitled to habeas relief. *See Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S. Ct. 1710, 1722 (1993).

**Objection 2**

Petitioner argues that the magistrate judge abused his discretion in accepting Respondent's untimely filed response to the petition. On August 24, 2018, the magistrate judge entered an order denying Petitioner's motion to exclude the response because Respondent showed excusable neglect in that the petition and order to respond were sent to the wrong department of the Attorney General's Office. (ECF No. 12.) Had Petitioner wished to challenge the magistrate judge's order, he could have filed a motion for reconsideration or an appeal to this Court. But an objection several months later is not the appropriate vehicle to review the order. Moreover, the Court agrees with the magistrate judge's conclusion that Respondent showed good cause for not complying with the order to respond.

**Objection 3**

Petitioner challenges the magistrate judge's conclusion that Petitioner's motion to compel production of Rule 5 materials and for an extension of time to file his reply brief (ECF No. 15) is moot. The Court agrees with the magistrate judge.

The Rule 5 materials were filed on August 31, 2018. It appears to the Court—as it did to the magistrate judge—that Petitioner did not receive the materials right away because of a prison transfer on August 28, 2018 (*id*.), and that Petitioner eventually received the materials because he cites to portions of the trial transcripts in his reply brief. (ECF No. 20.) Additionally, the reply brief was timely filed, so the request for an extension is also moot.

**Objections 4 and 8**

Petitioner claims that his trial counsel was ineffective for not moving to suppress evidence obtained by virtue of a warrantless arrest and warrantless placement of a GPS tracking device on Petitioner's vehicle and for failing to call Petitioner's alibi witnesses. The magistrate judge was

correct in concluding that Petitioner fails to satisfy the first prong of the *Strickland*[2] standard, namely, that counsel's performance fell below an objective standard of reasonableness.

Petitioner challenges his warrantless arrest, and by extension the performance of his counsel, on two grounds: (1) that there was an unreasonable delay between his arrest and his arraignment; and (2) that his arrest was not supported by probable cause.

Turning to the first ground, that issue was not raised before the state courts, and is therefore, not exhausted. Nevertheless, the Court finds that Petitioner's claim fails on the merits. Petitioner cites Supreme Court precedent that holds that a delay of more than 48 hours between a warrantless arrest and a judicial determination of probable cause, absent exceptional circumstances, is unconstitutional. *See e.g.*, *Powell v. Nevada*, 511 U.S. 79, 80, 114 S. Ct. 1280, 1281–82 (1994). Petitioner states that he was held more than 48 hours before his arraignment. While that may be true, officers secured an arrest warrant for Petitioner within two days of his warrantless arrest. *People v. Woods*, No. 311452, 2013 WL 6690679, at *3 (Mich. Ct. App. Dec. 19, 2013). The arrest warrant required a judicial determination of probable cause and thus satisfied the Supreme Court mandates that Petitioner references. Because a motion to suppress on the basis of a delay between the warrantless arrest and arraignment would be frivolous, counsel was not ineffective for failing to file the motion.

In regard to the second ground, the Michigan Court of Appeals found that there was reasonable cause for the warrantless arrest because Petitioner was found driving a vehicle that matched the description by eye witnesses and surveillance footage of the vehicle that fled the scene of the crime and because white gloves were found in the vehicle that were like those worn in the robbery. Petitioner's only argument in his Objections to rebut the Michigan Court of Appeal's finding of fact is that witnesses described the vehicle as having tinted windows and his vehicle did

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

not have tinted windows.  Petitioner points to no record evidence to support his assertion, but nevertheless, the state court's factual findings are presumed to be correct, and Petitioner has not provided clear and convincing evidence to prove otherwise.  A motion to suppress based on the warrantless arrest would have been meritless, so counsel was not ineffective for failing to file the motion.

Petitioner claims that counsel was ineffective for failing to file a motion to suppress based on the warrantless placement of a GPS tracking device on his vehicle.  The magistrate judge was correct in noting that there is a good faith exception to the exclusionary rule that would render a motion to suppress meritless.  The Supreme Court announced in *United States v. Jones*, 565 U.S. 400, 132 S. Ct. 945 (2012), that warrantless use of a tracking device on a suspect's vehicle was an unconstitutional search, but the opinion in *Jones* was handed down more than four months after officers in this case had placed a tracking device on Petitioner's vehicle.  At the time that officers placed the tracking device on Petitioner's vehicle, there was no federal law that alerted the officers to the unconstitutionality of the practice.  Therefore, the evidence obtained as a result of the use of the tracking device was not subject to exclusion.  *United States v. Fisher*, 745 F.3d 200, 206 (6th Cir. 2014).  Again, counsel was not ineffective for failing to file a meritless motion.

Finally, petitioner argues that counsel was ineffective for failing to call Petitioner's alibi witnesses.  But, as the magistrate judge concluded, counsel's action was objectively reasonable.  Counsel chose to forego presenting the alibi witness that the defense originally intended to call because that witness adamantly stated that she would not verify the alibi that she had previously stated.  Not calling a witness because the witness is no longer favorable to the defense is sound trial strategy.  Petitioner contends that there are two other witnesses who could have provided an alibi.  However, Petitioner cannot simply state that testimony of uncalled witnesses would have been favorable to sustain an ineffective assistance claim; he must present evidence of what that witness's testimony would be, such as an affidavit.  *United States v. Ashimi*, 932 F.2d 643, 650

(7th Cir. 1991). Because Petitioner has not provided such evidence, his ineffective assistance claim on this point fails.

Petitioner also argues that this Court should grant him an evidentiary hearing on his ineffective assistance claim. The Court notes initially that Petitioner's request was not before the magistrate judge. Petitioner argued in Habeas Issue V that the *state court* erred in not granting an evidentiary hearing, but he did not request an evidentiary hearing in this Court. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nonetheless, even if Petitioner had requested an evidentiary hearing in this Court, he has not cleared the high bar under 28 U.S.C. § 2254(e)(2) to warrant an evidentiary hearing.

**Objections 5 and 6**

Petitioner requests that the Court stay the proceedings for him to return to state court to exhaust any unexhausted claim. The magistrate judge found that Petitioner can seek no further relief in the state courts, so a stay would be inappropriate. The Court agrees.

The time has passed for direct appeals, Mich. Ct. R. 7.305(C), and Petitioner has filed his one allowed motion for relief from judgment. Mich. Ct. R. 6.502(G). Petitioner contends, though, that he could still file a motion for relief from judgment because his first motion was prematurely filed while the appeal on his resentencing was still pending. However, Rule 6.502(G) clearly states that "one and only one motion for relief from judgment may be filed with regard to a *conviction*." (Emphasis added). Petitioner has already challenged his conviction. Moreover, as the magistrate judge pointed out, the appeal from Petitioner's resentencing that was pending at the time of the motion for relief from judgment was limited to the scope of the remand, which was only the scoring of two offense variables. *See People v. Jones*, 394 Mich. 434, 435, 231 N.W.2d 649, 650 (1975).

Therefore, the issues addressed by the state court in connection with the motion for relief from judgment were distinct from the pending appeal, and Petitioner cannot pursue another motion for relief from judgment. Therefore, a stay is inappropriate.

Petitioner requests, alternatively, that if he is not granted a stay to return to state court, he be allowed to amend his petition to dismiss any unexhausted claims so the Court has only his exhausted claims to consider. Such an amendment is unwarranted.

The Supreme Court has stated that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005). The Court will consider only Petitioner's exhausted claims, which, in effect, allows Petitioner to "delete the unexhausted claims and to proceed with the exhausted claims." *Id*. The Sixth Circuit has approved of such a procedure, particularly where, as here, the Court will dismiss the entire petition on the merits. *Wagner v. Smith*, 581 F.3d 410, 419–20 (6th Cir. 2009).

**Objection 7**

Petitioner takes issue with the magistrate judge's conclusion that he cannot pursue his Fourth Amendment claims on habeas review. The magistrate judge found that Habeas Issues I and II are barred by the doctrine of *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037 (1976). The Court agrees.

The Supreme Court held in *Stone v. Powell* that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an illegal search or seizure, so long as the state has given the petitioner a full and fair opportunity to litigate his claim. *Id*. at 494, 96 S. Ct. at 3052. "For such an opportunity to have existed, the state must have provided, in the abstract, [(1)] a mechanism by which to raise the claim and [(2)] the presentation of the

claim in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823–24 (6th Cir. 1985).

The first prong of *Stone v. Powell* was satisfied. Michigan has a mechanism to raise a Fourth Amendment claim—through pretrial motions and appellate review. As to the second prong, the magistrate judge also correctly concluded that the second prong of *Stone v. Powell* was satisfied. Petitioner has not pled sufficient facts to show that the presentation of his claim was frustrated by a failure of that mechanism. Petitioner's trial counsel did not file motions to suppress because he considered them frivolous, but Petitioner still was able to bring his arguments to the trial court's attention on the day of trial before the jury was empaneled. After Petitioner presented his arguments, counsel summarized the arguments for the court, and the court asked Petitioner if he had anything further that he would like to tell the court. Petitioner objected to a different issue but did not advance any further Fourth Amendment claim. The court stated that the claims presented did not have merit. (Trial Tr. I, ECF No. 14-3 at PageID.350-51.) The Court of Appeals then considered Petitioner's Fourth Amendment claims. Because the two prongs of *Stone v. Powell* were satisfied, Petitioner is barred from federal habeas review of his Fourth Amendment claims.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

**Conclusion**

For the foregoing reasons, the January 18, 2019, Report and Recommendation (ECF No. 21) is **adopted** as the Opinion of the Court. Petitioner's habeas corpus petition (ECF No. 1) is **denied**. Petitioner's motions to compel, for a stay, and to amend (ECF Nos. 15, 18, and 19) are **denied**. Petitioner is **denied** a certificate of appealability.

**IT IS SO ORDERED.**

A separate judgment will enter.

This case is **concluded**.

Dated: May 24, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE